UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KENT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No.  2:21-cv-00425-JAM-JDP (SS)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT AND 42 U.S.C. § 406(b) BE GRANTED<br><br>ECF Nos. 21 & 22<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

　　　　Plaintiff prevailed in this action after the parties stipulated to voluntary remand and entry of judgment under 42 U.S.C. § 405(g).  *See* ECF Nos. 19 & 20.  In July 2022, plaintiff filed a motion for an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).  ECF No. 21.  While that motion was pending, the Social Security Administration ("SSA") found plaintiff disabled and awarded him $61,024 in past-due benefits.  ECF No. 22-1.  Plaintiff's counsel then filed a motion for an award of attorney fees under 42 U.S.C. § 406(b) equal to 25% of plaintiff's award of past-due benefits less the amount of any award under EAJA.  ECF No. 22.  Both fee motions are now before the court.

　　　　**A.**　　**Motion for Fees Under EAJA**

　　　　The EAJA provides that a prevailing party other than the United States shall be awarded fees and other expenses incurred by that party in any civil action brought by or against the United

1  States, "unless the court finds that the position of the United States was substantially justified or
2  that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  In determining
3  whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate,
4  and the results obtained.  *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990); *Hensley v.*
5  *Eckerhart*, 461 U.S. 424, 433 (1983); *Atkins v. Apfel*, 154 F.3d 986, 987-88 (9th Cir. 1998).
6  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,
7  and charges that are not properly billable to a client are not properly billable to the government.
8  *Hensley*, 461 U.S. at 434.
9        Plaintiff moves for attorney's fees pursuant to the EAJA in the amount of $6,961.28 based
10  on 32 hours of work performed by plaintiff's counsel in 2021 and 2022 at the statutory-maximum
11  rate for 2021 of $217.54.  *See* ECF Nos. 21 & 21-1.[1]  Plaintiff also seeks $225.00 in costs, for a
12  total award of $7,186.28.  *Id.*  Several months have elapsed since plaintiff filed his motion for
13  EAJA fees, and the Commissioner has not filed an opposition or a statement of non-opposition.
14  In light of the parties' stipulation to remand and the Commissioner's non-opposition to plaintiff's
15  motion for EAJA fees, the Commissioner has failed to show that its position was substantially
16  justified.  *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (the burden of
17  establishing substantial justification is on the government).  The court has independently
18  reviewed the record and finds that both the hourly rate and hours expended are reasonable in light
19  of the results obtained.
20      **B.**    **42 U.S.C. § 406(b)**
21        Under 42 U.S.C. § 406(b)(1)(A), an attorney is entitled to reasonable fees for successfully
22  representing social security claimants in district court.

> Whenever a court renders a judgment favorable to a claimant under
> this subchapter who was represented before the court by an
> attorney, the court may determine and allow as part of its judgment
> a reasonable fee for such representation, not in excess of 25 percent
> of the total of the past-due benefits to which the claimant is entitled

---

[1] Although plaintiff's counsel attests that he performed 35.4 total hours of work—including 32.4 hours in 2022—he seeks fees for only 32.0 total hours of work at the 2021 hourly rate.  *See* ECF Nos. 21 at 1-2, 21-1 at 2-3.

2

1           by reason of such judgment.

3 *Id.* Fees under section 406(b) are paid by the claimant from the awarded past-due benefits.
4 *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*,
5 535 U.S. 789, 802 (2002)).  The 25% statutory maximum fee is not an automatic entitlement; the
6 court must ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808-09 ("We hold
7 that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead,
8 § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  In
9 assessing whether a fee is reasonable, the court should consider "the character of the
10 representation and the results the representative achieved." *Id.* at 808.  A "court may properly
11 reduce the fee for substandard performance, delay, or benefits that are not in proportion to the
12 time spent on the case." *Crawford*, 586 F.3d at 1151.

13          In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the
14 Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social
15 Security benefits in this manner: Fee awards may be made under both prescriptions, but the
16 claimant's attorney must refund to the claimant the amount of the smaller fee."  535 U.S. at 796
17 (internal marks and citations omitted).  "[A]n EAJA award offsets an award under [§] 406(b), so
18 that the amount of the total past-due benefits the claimant actually receives will be increased by
19 the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.*
20 (internal marks and citations omitted).

21          Plaintiff entered a contingent fee agreement that provided he would pay counsel 25% of
22 any award of past-due benefits.  ECF No. 22-2.  On remand, the SSA found plaintiff disabled and
23 awarded him $61,024 in past-due benefits, 25% of which is $15,256.  ECF No. 22-1 at 2.  In
24 recognition of the rule that an EAJA award offsets an award under § 406(b), *Gisbrecht*, 535 U.S.
25 at 796, plaintiff's counsel seeks only the difference between $15,256 and the expected EAJA
26 award of $7,186.28—that is, $8,294.72, ECF No. 22 at 2.[2]

---

[2] Although courts may award fees separately under EAJA and § 406(b), and subsequently
28 order counsel to refund the lesser figure, the Ninth Circuit has held that a court does not err in

The court finds that the requested fees and hourly rate are reasonable. As noted above, counsel attests that he performed 35.4 total hours of work. ECF No. 22-3 at 2-3. Although the net fee award of $15,256 represents the statutory maximum of 25%, it would constitute an hourly rate of only approximately $431 for attorney services. Counsel attests that he has nearly 25 years of experience as a disability attorney, and he typically charges a non-contingent hourly rate of $595. ECF No. 22 at 4. Counsel did not engage in dilatory conduct and his performance was not substandard. Counsel's representation resulted in this matter being remanded for further proceedings, which resulted in a favorable decision and an award of benefits. Given counsel's experience, the result obtained, and the risk of loss in representing plaintiff, the court finds the requested hourly rate reasonable. *See Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part) (explaining that the majority opinion found effective hourly rates of $519, $875, and $902 to be reasonable); *see also De Vivo v. Berryhill*, No. 1:15-cv-1332-EPG, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (awarding fees at effective hourly range of $1,116); *Jamieson v. Astrue*, No. 1:09-cv-0490-LJO-DLB, 2011 WL 587096 (E.D. Cal. Feb. 9, 2011) (finding fee at effective hourly rate of $1,169 reasonable).

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for attorney's fees under EAJA, ECF No. 21, be granted.

2. Plaintiff be awarded attorney's fees and costs in the amount of $7,186.28 under the EAJA.

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt. If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay fees directly to plaintiff's counsel.

---

taking the alternative approach of "reduc[ing] the fee award [under § 406(b)] by the amount of attorneys' fees already paid by the government under the [EAJA]." *Crawford*, 586 F.3d at 1144 n.3; *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1273 (11th Cir. 2010) ("Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery.").

4.  Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b), ECF No. 22, be granted.

5.  Plaintiff's counsel be awarded attorney's fees in the amount of $8,294.72 pursuant to 42 U.S.C. § 406(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 5, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE